UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE THIRD PARTY SUBPOENAS TO GOOGLE LLC AND ALPHABET INC.<br><br>JEFFREY ISAACS,<br>        Plaintiff,<br>    v.<br>KELLER WILLIAMS REALTY, INC., et al.,<br>        Defendants. | Case No. 24-mc-80009-VKD<br><br>Issuing Court Case No:<br>9:23-cv-81393-RLR (S.D. Fla.)<br><br>**ORDER TRANSFERRING MOTION TO QUASH SUBPOENA**<br><br>Re: Dkt. No. 1 |

Movants Google LLC and Alphabet, Inc. (collectively "Google") ask the Court to quash two deposition subpoenas issued by Jeffery Isaacs in connection with a case pending in the Southern District of Florida, *Isaacs v. Keller Williams Realty, Inc.*, Case. No. 9:23-cv-81393-RLR ("the Florida action"). Dkt. No. 1 at 1. Google also requests a protective order precluding Mr. Isaacs "from issuing additional subpoenas to Google without first obtaining leave of court." *Id.*

Mr. Isaacs has not yet responded to the motion and his time to do so has not yet passed. However, as explained below, upon review of the moving papers, the Court concludes that Google's motion should be transferred to the Southern District of Florida pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.

**I.    BACKGROUND**

The Florida action concerns a dispute regarding the unconsummated sale of Mr. Isaacs' home in February 2023. *See* Dkt. No. 1 at 3; *Isaacs v. Keller Williams Realty, Inc.*, Case. No. 9:23-cv-81393-RLR, Dkt. No. 25 (first amended complaint). Google is not a party to the Florida

1    action. However, under the caption of the Florida action, Mr. Isaacs has served six subpoenas for
2    trial testimony, depositions, and documents on Google. Dkt. No. 1 at 3; Dkt. Nos. 1-5, 1-7, 1-9, 1-
3    12, 1-13 (subpoenas). The two most recent subpoenas are the subject of Google's motion to
4    quash. Dkt. No. 1 at 1; Dkt. Nos. 1-12, 1-13. They seek deposition testimony regarding "the
5    ongoing legal matter involving Alphabet Inc, Google Miami, and OkCaller.com, notably referred
6    to as the 'Thanksgiving 2022 Adverse Event,'" and "the alleged termination of Google LLC's
7    reverse phone search partnership with OkCaller.com and the subsequent impact on witnesses,
8    including Dr Isaacs." *See* Dkt. Nos. 1-14, 1-15. Google contends that that this subject matter is
9    unrelated to the claims at issue in the Florida action and objects to the subpoenas on other grounds
10   as well. Dkt. No. 1 at 6-8.

## II.    LEGAL STANDARD

Rule 45(f) of the Federal Rules of Civil Procedure provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a [motion to quash the subpoena] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Rule 45(f) does not describe the circumstances that may qualify as "exceptional," but among the factors courts consider in assessing whether exceptional circumstances exist are (1) the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid unnecessary duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues involved. *See, e.g.*, *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, SA MC 15-00022-DOC (DFMx), 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (discussing non-exhaustive list of considerations); *Moon Mountain Farms, LLC v. Rural Community Insurance Company*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (same); *see also* Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendments ("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.").

### III. DISCUSSION

Here, several considerations support transferring Google's motion to quash to the Southern District of Florida.

First, Google consents to this transfer. *See* Dkt. No. 1 at 2 n.1 ("If the Court concludes that transfer to the Southern District of Florida would be appropriate under Fed. R. Civ. P. 45(f), Google would consent to the transfer."). Under Rule 45(f), Google's consent alone is sufficient for the Court to order transfer. *See Mirza, v. Yelp, Inc.*, No. 21-MC-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where . . . the nonparties subject to the subpoena consent to the transfer.").

Second, the Southern District of Florida is better positioned to resolve the merits of Google's motion to quash. Google principally argues that Mr. Isaacs's subpoenas seek testimony that is irrelevant to the Florida action, and that his service of these subpoenas, issued on the authority of the Southern District of Florida, represents an abuse of the subpoena power. Dkt. No. 1 at 7-8. Because Google's arguments implicate consideration of the scope of relevant discovery in the Florida action, and also the appropriate use of the subpoena power in that action, the Southern District of Florida is in a better position than this Court to consider those arguments. *Williams v. Big Picture Loans LLC*, No. 17-MC-80166-SVK, 2018 WL 707605, at *2 (N.D. Cal. Feb. 5, 2018) ("The Virginia district court is far better situated than this Court to determine whether the subpoena to Aranca falls within current scope of discovery in the Virginia action."). Moreover, Mr. Isaacs's service of subpoenas on Google appears to have been raised already in connection with the defendants' motion to stay discovery in the Florida action and may be considered as part of that court's resolution of the motion to stay. *Isaacs v. Keller Williams Realty, Inc.*, Case. No. 9:23-cv-81393-RLR, Dkt. No. 61 at 3 (referring to Mr. Isaacs's practice of "spraying out subpoenas across the federal court system using the caption of this case but involving other matters"). To the extent Google's arguments overlap with those raised in the defendants' motion to stay discovery, transfer of Google's motion to quash to the Southern District of Florida avoids the risk of inconsistent results. *See Bright House Networks, LLC v.*

3

*MarkMonitor, Inc.*, No. 20-MC-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) ("Numerous district courts have found exceptional circumstances when motion practice in the issuing court raises similar arguments to those raised in the motion sought to be transferred.") (cleaned up).

Third, the Southern District of Florida is the appropriate forum to consider the protective order Google seeks. Google asks for a protective order prohibiting Mr. Isaacs from using the Florida action to serve additional subpoenas on Google LLC or Alphabet Inc. without first obtaining leave of court based on a showing that the information sought is, in fact, needed in the Florida action. Dkt. No. 1 at 8. Such a request is properly addressed to the court whose leave would be required if the protective order is granted—i.e. the Southern District of Florida.

## IV.  CONCLUSION

Accordingly, pursuant to Rule 45(f), the Court hereby directs the Clerk of Court to transfer Google's motion to quash and this miscellaneous action to the Southern District of Florida for decision by the issuing court in the matter *Isaacs v. Keller Williams Realty, Inc.* Dkt. No. 9:23-cv-81393-RLR (S.D. Fla.). The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: January 19, 2024

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

4